ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

APR 1 8 2011

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

| | |
|---|---|
| LSSI DATA CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMCAST PHONE, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action File No.

1:11-CV-1246
CAP

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff LSSi Data Corp. files this Complaint for Declaratory Judgment and Injunctive Relief against Defendant Comcast Phone, LLC.

## The Parties

1.

Plaintiff LSSi Data Corp. is a Delaware corporation that maintains its principal place of business in New York, New York.

2.

Defendant Comcast Phone, LLC is a Delaware limited liability company that maintains its principal place of business in Philadelphia, Pennsylvania. Comcast is registered to do business in Georgia and may be served with process via its

2263098v3

registered agent for service of process, Corporation Process Company, 2180

Satellite Blvd., Suite 400, Duluth, Georgia, 30097.

## Jurisdiction & Venue

### 3.

This Court has subject matter jurisdiction over this action pursuant to the

Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Federal

Communications Act of 1934, as amended, 47 U.S.C. §§ 202, 222(e), 251(b)(3),

and 406.

### 4.

This Court has personal jurisdiction over Comcast.

### 5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## Facts

### 6.

LSSi is a certificated local exchange carrier and a provider of directory

assistance services, call completion services, data aggregation services, and other

services to telecommunications carriers and others throughout the United States.

7.

Comcast is a local exchange carrier and a common carrier as defined in the Communication Act of 1934, as amended.  47 U.S.C. § 153(c), (l).

8.

As a local exchange carrier, Comcast is subject to the provisions of 47 U.S.C. § 251(b) and specifically to the requirement that "[t]he duty to provide dialing parity to competing providers of telephone exchange service and telephone toll service, and the duty to permit all such providers to have nondiscriminatory access to telephone numbers, operator services, directory assistance, and directory listing, with no unreasonable dialing delays."  47 U.S.C. § 251(b)(3).  *See also* 47 C.F.R. § 51.217.

9.

In orders issued pursuant to Section 251(b)(3), the Federal Communications Commission ("FCC") has ruled that persons entitled to receive directory assistance listing data from carriers pursuant to Section 251(b)(3) include local exchange carriers, providers of call completion services, and persons or entities acquiring directory assistance listing data as agents or contractors to local exchange carriers.

10.

In addition, Comcast is subject to the provisions of 47 U.S.C. § 222(e),

which requires that " a telecommunications carrier that provides telephone

exchange service shall provide subscriber list information gathered in its capacity

as a provider of such service on a timely and unbundled basis, under

nondiscriminatory and reasonable rates, terms, and conditions, to any person upon

request for the purpose of publishing directories in any format."  47 U.S.C. §

222(e).

11.

As a common carrier, Comcast is prohibited under 47 U.S.C. § 202 from

making "any unjust or unreasonable discrimination in charges, practices,

classifications, facilities or services for or in connection with like communication

service, directly or indirectly, by any means or device, or to make any undue or

unreasonable preference or advantage to any particular person… or to subject any

particular person to any undue or unreasonable prejudice or disadvantage."

12.

LSSi is a local exchange carrier as defined in the Communications Act of

1934, as amended, and is entitled under 47 U.S.C. § 251(b)(3) to receive from

Comcast complete and accurate directory assistance listing data on a timely and non-discriminatory basis.

13.

LSSi and its parent, Volt Delta Resources, LLC, are also publishers of directories as referenced in 47 U.S.C. § 222(e).  LSSi is therefore entitled to receive directory assistance listing data "on a timely and unbundled basis, under nondiscriminatory rate terms and conditions... for the purpose of publishing directories in any format."  47 U.S.C. § 222(e).

14.

LSSi also serves as an agent and contractor for local exchange carriers and their directory assistance service providers throughout the United States that obtain access to Comcast's directory assistance listing data through the services of LSSi. LSSi's provision of Comcast's directory assistance listing data enables such customers to provide directory assistance services to telephone service and users throughout the United States.  As recognized in rulings by the FCC regarding the scope of 47 U.S.C. § 251(b)(3), the provision of such services entitles LSSi to receive Comcast's directory assistance listing data.

15.

LSSi also provides call completion services by virtue of which LSSi completes calls for the telephone service end users to whom LSSi provides directory assistance.  As recognized in rulings by the FCC regarding the scope of 47 U.S.C. § 251(b)(3), the provision of such call completion services entitles LSSi to receive directory assistance listing data from Comcast.

16.

It is essential to the services provided by LSSi to its customers that the directory assistance listing data provided by LSSi be as complete, accurate, and up-to-date as possible.  This requires, among other things, that LSSi receive from each local exchange carrier, including Comcast, directory assistance listing data that is complete, accurate, and up-to-date on a continuous basis.

17.

Comcast has been providing nationwide directory assistance listing data to LSSi on behalf of itself and all of its affiliates and subsidiaries who are local exchange carriers pursuant to the parties' Directory Assistance Listings Agreement dated May 15, 2007 (the "DA Listing Agreement").

18.

On information and belief, Comcast provides the same nationwide directory assistance listing data to competitors of LSSi on terms substantially similar to, or more favorable than, the DA Listing Agreement.

19.

On April 14, 2011, counsel for Comcast sent LSSi a letter purporting to terminate the DA Listing Agreement effective May 15, 2011. (copy attached as Exhibit 1).

20.

In addition to seeking to terminate the DA Listing Agreement, Comcast also informed LSSi that it would cease providing directory assistance listing data directly to LSSi as of May 15, 2011.

21.

Comcast has stated to LSSi that Comcast will continue to provide directory assistance listing data to LSSi's competitor, Targus Info Corporation ("Targus"). Comcast further stated that if LSSi wished to receive Comcast's directory assistance listing data after May 15, 2011, then LSSi would have to enter into an agreement with Targus to purchase that data from Targus.

22.

Comcast has refused to disclose to LSSi the terms of its arrangement with Targus.  Comcast has refused to provide directory assistance listing data to LSSi on terms or conditions as favorable as those given by Comcast to Targus.

23.

Comcast has refused to disclose to LSSi the terms of its arrangements with other recipients of Comcast's directory assistance listing data.  To the extent such terms differ from those offered to LSSi (i.e., having to purchase all such data from Targus), Comcast has refused to provide such data on terms or conditions as favorable as those given to such other recipients.

24.

LSSi cannot compete in the market for directory assistance listings data services or meet its other contractual commitments without Comcast's directory assistance listing data.  Any failure by Comcast to provide complete, accurate, and timely access to its directory assistance listing data directly to LSSi, as required by law, would cause material and irreparable harm to LSSi.

25.

LSSi cannot lawfully be forced to obtain Comcast's directory listing data through or from Targus, LSSi's competitor.  Such an approach would place LSSi's

ability to compete with Targus in a position subordinate to and controlled by
Targus' ability or willingness to perform its contractual obligations to LSSi. Being
thus placed at risk based on the performance of its competitor would materially
impair LSSi's competitive position. Among other things, customers would
perceive LSSi as being dependent upon, and therefore at best no more reliable
than, Targus. LSSi would also become liable to its customers for inaccuracies in
Comcast's data, and delays in providing such data, caused by Targus.

26.

LSSi's contracts with certain key customers contain provisions requiring
LSSi to obtain directly from each carrier the data it provides to the customer. Such
provisions reflect the customers' concern that all data be as accurate, complete, and
up-to-date as possible. Such provisions also reflect the customers' perception that
data obtained from sources other than the carrier itself is less desirable. Comcast's
refusal to provide its data directly to LSSi would place LSSi in breach of such
contractual provisions.

27.

On information and belief, Targus has already begun informing LSSi's
customers and potential customers that LSSi will not be able to provide service to

them in a manner competitive with Targus because of Comcast's refusal to provide

directory assistance listing data directly to LSSi.

## Count I – Declaratory Judgment

## 28 U.S.C. §§ 2201, 2202

### 28.

LSSi incorporates by reference the preceding paragraphs of this Complaint.

### 29.

As explained above in more detail, effective as of May 15, 2011, Comcast

intends to unilaterally and improperly terminate its provision of directory

assistance listing data directly to LSSi.

### 30.

Comcast's intentions are in contravention of the parties' respective rights

and obligations under 47 U.S.C. §§ 202, 222(e), and 251(b)(3) and the rules and

orders of the FCC adopted pursuant thereto.

### 31.

Accordingly, there exists a substantial, justiciable, and actual controversy

between LSSi and Comcast.

32.

LSSi and Comcast are interested parties in this matter because their legal rights and obligations are at issue.

33.

LSSi seeks a declaratory judgment from this Court holding that Comcast must comply with all provisions of 47 U.S.C. §§ 202, 222(e), and 251(b)(3), including but not limited to continuing to directly provide to LSSi all of Comcast's directory assistance listing data, including all such data of Comcast's affiliates and subsidiaries as distributed by or through Comcast, on a complete, accurate, timely and nondiscriminatory basis.

## Count II – Interlocutory Relief

### FED. R. CIV. P. 65

34.

LSSi incorporates by reference the preceding paragraphs of this Complaint.

35.

As described above, Comcast intends to cease providing directory assistance listing data directly to LSSi as of May 15, 2011, and such conduct is a violation of Comcast's obligations under 47 U.S.C. §§ 202, 222(e), and 251(b)(3).

36.

LSSi does not possess an adequate and complete remedy at law for Comcast's actual and threatened conduct, and failure to immediately address and remedy Comcast's conduct will cause substantial and irreparable harm to LSSi.

37.

Interlocutory relief in LSSi's favor is necessary to preserve the status quo pending final resolution of the parties' respective rights and obligations at issue in this action.

38.

The consideration of and balancing of LSSi's likelihood of ultimate success on the merits, damages to and conveniences of the parties, and other relevant factors strongly favor the granting of all appropriate interlocutory relief in LSSi's favor.  Furthermore, appropriate interlocutory relief in LSSI's favor, if issued, will not be adverse to the public interest.

39.

Accordingly, an appropriate and fair interlocutory remedy for Comcast's conduct described above is the issuance of a temporary restraining order and/or preliminary injunction requiring Comcast to provide directly to LSSi all of Comcast's directory assistance listing data, including all such data of Comcast's

affiliates and subsidiaries as distributed by or through Comcast, on a complete,

accurate, timely, and nondiscriminatory basis through the pendency of this action.

## Count III – Permanent Injunctive Relief

### 40.

LSSi incorporates by reference the preceding paragraphs of this Complaint.

### 41.

As described above, Comcast has threatened to unjustifiably cease

performing its obligations under 47 U.S.C. §§ 202, 222(e), and 251(b)(3).

### 42.

An appropriate and fair remedy for Comcast's conduct is the issuance of a

permanent injunction requiring Comcast to fully comply with its obligations under

47 U.S.C. §§ 202, 222(e), and 251(b)(3) by, inter alia, providing directly to LSSi

all of Comcast's directory assistance listing data, including all such data of

Comcast's affiliates and subsidiaries as distributed by or through Comcast, on a

complete, accurate, timely, and nondiscriminatory basis.

## Count IV – Injunctive Relief In The Nature Of Mandamus

### 47 U.S.C. § 406

### 43.

LSSi incorporates by reference the preceding paragraphs of this Complaint.

44.

Comcast's refusal to provide directory assistance listing data upon terms and conditions as favorable as those given to Targus constitute clear and unequivocal violations of 47 U.S.C. §§ 202, 222(e), and 251(b)(3). Pursuant to 47 U.S.C. § 406, LSSi is therefore entitled to preliminary and permanent injunctive relief in the nature of mandamus compelling Comcast to furnish Comcast's directory assistance listing data, including all such data of Comcast's affiliates and subsidiaries as distributed by or through Comcast, to LSSi.

WHEREFORE, LSSi respectfully prays that the Court:

1.     grant judgment in favor of LSSi and against Comcast;

2.     grant all appropriate interlocutory relief in LSSi's favor, including a temporary restraining order and/or a preliminary injunction, that will maintain the status quo during the pendency of this action and that will restrain and/or enjoin Comcast from refusing to perform its obligations to LSSi under 47 U.S.C. §§ 202, 222(e), and 251(b)(3) by, inter alia, providing directly to LSSi all of Comcast's directory assistance listing data, including all such data of Comcast's affiliates and subsidiaries as distributed by or through Comcast, on a complete, accurate, timely, and nondiscriminatory basis;

3.      declare that Comcast must continue to honor and perform its obligations to LSSi under 47 U.S.C. §§ 202, 222(e), and 251(b)(3) by, inter alia, providing directly to LSSi all of Comcast's directory assistance listing data, including all such data of Comcast's affiliates and subsidiaries as distributed by or through Comcast, on a complete, accurate, timely, and nondiscriminatory basis;

4.      grant LSSi appropriate permanent injunctive relief preventing Comcast from refusing to perform its obligations to LSSi under 47 U.S.C. §§ 202, 222(e), and 251(b)(3) by, inter alia, providing directly to LSSi all of Comcast's directory assistance listing data, including all such data of Comcast's affiliates and subsidiaries as distributed by or through Comcast, on a complete, accurate, timely, and nondiscriminatory basis;

5.      grant LSSi injunctive relief in the nature of mandamus compelling Comcast to furnish Comcast's directory assistance listing data, including all such data of Comcast's affiliates and subsidiaries as distributed by or through Comcast, directly to LSSi;

6.      tax all costs of suit to Comcast; and

7.      grant to LSSi all such other general relief as the Court deems just and proper.

2263098v3                              15

Respectfully submitted this 18th day of April, 2011.

TROUTMAN SANDERS LLP

_____
Robert P. Williams II
Georgia Bar No. 765413
Bradley M. Davis
Georgia Bar No. 141505

5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Phone:  (404) 885-3000
Fax:  (404) 962-6721

Attorneys for Plaintiff LSSi Data Corp.

## VERIFICATION

Richard Oldach states under oath that he is authorized to give this Verification and that he serves as the President of Plaintiff LSSi Data Corp., and that no one person employed by Plaintiff has knowledge of all the matters contained within this Complaint for Declaratory Judgment and Injunctive Relief and that based upon an investigation by declarant and counsel and without waiving any privilege appertaining, the matters set forth herein are known to him to be true and correct or reported to him to be true and correct and based upon personal knowledge.

**Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury that the foregoing is true and correct.**

This __15th__ day of April, 2011.

Richard Oldach
President
LSSi Data Corp.

# EXHIBIT 1

 **(Comcast.**

Andrew D. Fisher
Assistant General Counsel

One Comcast Center
50th Floor
Philadelphia, PA 19103
215-286-3039

Via Express Mail and Email

April 14, 2011

LSSiDATA Corp.
One Sentry Parkway
Suite 6000
Blue Bell, PA  19422
Attn:  Cindy Fisher

Re:     Comcast/LSSi Agreement, dated May 15, 2007 (the"Agreement')
        Notice of Termination

Dear Ms. Fisher and to whom else it may concern:

      Pursuant to the termination provision (Section 5) of the above-referenced Agreement, Comcast Phone LLC, on behalf of itself and its affiliates (collectively"Comcast'), hereby provides notice of its intent to terminate the Agreement effective May 15, 2011.  Thereafter, LSSi should contact Targus Information Corporation ('Targus') to discuss future purchases of Comcast's directory listing and subscriber list information.  Inquiries should be directed to Clayton LiaBraaten of Targus, at 703-272-6217.

      In addition, Comcast requests that LSSi delete from its databases the listing information that Comcast has provided to LSSi in the past, and that LSSi not provide third parties with Comcast information obtained via the Agreement thereafter, effective May 15, 2011.

      We understand that LSSi disputes Comcast's right to use Targus as its exclusive agent for the dissemination of its customers' DL/SLI.  Please be assured that Targus, acting as Comcast's agent, will provide the information to those eligible to purchase it on just, reasonable and nondiscriminatory rates, terms, and conditions, in accordance with Comcast's obligations under the law.

      It is our hope that we can resolve this matter amicably and without litigation.  If you have any questions regarding this matter, or wish to have further discussions, please do not hesitate to contact me at 215-286-3039.

      Thank you and best regards,

Sincerely,

*Andrew D. Fisher / ck*

Andrew D. Fisher

cc:    Phil Miller
       Michael Sloan
       Robert Williams
       Tony Goncalves
       Steven W. Silva
       Terry Saeger
       Richard Oldach