IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LSSI DATA CORP., | |
| Plaintiff, | Civil Action File No. |
| v. | 1:11-cv-1246-CAP |
| COMCAST PHONE, LLC, | |
| Defendant. | |

## LSSI'S RESPONSE IN OPPOSITION TO
## COMCAST'S MOTION TO INCREASE BOND

Comcast's June 28, 2012 Motion to Increase Bond appears to be simply a
proactive attempt to divert attention from Comcast's systematic violations of the
Court's May 4, 2011 Preliminary Injunction Order (Doc. No. 22, the "Order") that
are the subject of LSSi's Motion for Contempt, which is being filed
contemporaneously herewith.  As explained therein, LSSi recently learned from
third parties that Comcast has been withholding data for tens of thousands of
Comcast phone customers in direct violation of the Order.  (*See* Declaration of
Robert P. Williams II, Ex. 1) (filed contemporaneously herewith).  Instead of
correcting this violation promptly, Comcast has stalled, claiming that the Order
does not cover all of Comcast's data despite the Order's clear directive that "[t]he

defendant is ENJOINED from failing to provide directory assistance listing data directly to LSSi on a complete, accurate, timely and nondiscriminatory basis." (Order at 9; *see also* Williams Decl. ¶ 4, Ex. 2.)  Now, presumably anticipating LSSi's Motion for Contempt and believing the maxim that "the best defense is a good offense," Comcast has attempted to paint LSSi in a bad light through the half-truths and outright misrepresentations set forth in this frivolous Motion to Increase Bond.

Comcast's Motion is utterly without merit.  Although Comcast fails to mention it, LSSi has again and again told Comcast in writing that LSSi will pay a nondiscriminatory rate for Comcast's data.  (Williams Decl. ¶ 5, Exs. 3-5).  To that end, LSSi has repeatedly asked Comcast to supply reasonable verification that the rate Comcast seeks to charge is truly nondiscriminatory.  (*Id.*)  Comcast, however, has refused to identify any direct data recipient besides Targus, making Targus the only known point of comparison for determining an appropriate nondiscriminatory rate.[1]  Comcast has admitted that it does ***not*** charge Targus for the data.  (*Id.*, Ex. 5

---

[1] In an effort to induce Comcast to be more forthcoming on this issue, LSSi executed a Non-Disclosure Agreement pursuant to which Comcast was to furnish copies of contracts or other documents showing rates charged other recipients. (Williams Decl. ¶ 6).  Comcast, however, has not disclosed any contracts between itself and any other recipient of its data.  The only contracts disclosed were two contracts between Targus' affiliate, Amacai, and Amacai's customers.  (*Id.*)  The names of both customers were redacted, so there is no way to know whether they

at 3).  Thus, in light of the Court's previous ruling that Comcast cannot discriminate in favor of Targus (*see* Order at 5-6), Comcast's election not to charge Targus means that Comcast cannot charge LSSi.  In other words, based on Comcast's admission regarding the only rate apparently charged by and paid to Comcast for data, that rate is zero.[2]

Comcast, of course, does not tell the Court about any of this.  Instead, Comcast falsely asserts that "Comcast has provided LSSi with all of the Listing Data required by the order" and that "LSSi has refused to pay Comcast for any of it." (Comcast Br. at 1-2.)  The record clearly shows just the opposite.  (*See* LSSi's Motion for Contempt; Williams Decl. Exs. 1-5.)

The seriousness of these misrepresentations is compounded by Comcast's blatant misrepresentation of the FCC's rules regarding presumptively reasonable rates.  (*See* Comcast Br. at 3.)  The $0.04 and $0.06 rates Comcast claims are applicable are actually only applicable to "subscriber list information" made

---

are even subject to the same statutory entitlement as LSSi for purposes of nondiscriminatory rate analysis.  (*Id.*)  LSSi believes it is probable that those Amacai customers are directory publishers but not directory assistance providers, in which case the FCC has ruled that a different rate analysis would apply.  (*See* discussion of rates, *infra*.)

[2] Incidentally, there is nothing odd about a "zero" rate.  That rate was the same as Comcast charged LSSi when Comcast was still providing data voluntarily.  (Doc. No. 4-1, April 19, 2011 Declaration of Phil Miller Ex. A, Attachment A) (a copy of Miller's Declaration is attached as <u>Exhibit 1</u>).

available to directory publishers under 47 U.S.C. § 222(e).  *See* 47 C.F.R. §

64.2325(a).  The FCC has expressly held that those rates are ***inapplicable*** to

directory assistance providers, such as LSSi, who claim access to directory

assistance databases under 47 U.S.C. § 251(b)(3).  In the same 2001 Order that the

parties and Court discussed extensively during the preliminary injunction

proceedings, the FCC held:

> We also decline to adopt, for DA purposes, the rate methodology for
> subscriber list information under section 222(e) of the Act.  We agree
> with the majority of commenters that the pricing structure for
> directory assistance and access to associated databases should remain
> distinct from that of subscriber list information. We conclude that,
> because of the statutory differences between directory assistance and
> directory publishing, the Commission cannot at this time justify
> setting a rate that would apply to both access to directory assistance
> databases and directory publishing.

*Provision of Directory Listings Information Under the Communications Act of*

*1934, as Amended, First Report and Order*, CC Docket No. 99-273, 16 FCC Rcd

2736 at ¶ 37 (2001) (footnotes omitted).  Comcast does not reference this binding

authority.

Moreover, even if the FCC had decided to apply its presumptive subscriber

list rates to directory assistance data, the requirement of nondiscrimination would

still require Comcast to charge LSSi no more than it charges Targus for that same

data.  Those rates are, after all, only presumptively reasonable if they are applied

- 4 -

uniformly; they cannot be applied in a discriminatory manner any more than any other rate.  Thus, because Comcast does not charge Targus those rates, Comcast cannot collect them from LSSi even if they were otherwise applicable.

Finally, Comcast's motion is an improper attempt to reopen a matter on which Comcast presented no evidence at the preliminary injunction hearing. Although the Court provided Comcast with multiple opportunities to show whether a bond was necessary to protect Comcast from harm, Comcast offered no evidence on this point.[3]  In particular, Comcast offered no evidence regarding any rate charged by Comcast to any data recipient or any actual cost associated with providing data to LSSi.[4]  *See Int'l Equity Invs., Inc. v. Opportunity Equity Partners, LTD*, 441 F. Supp. 2d 552 (S.D.N.Y. 2006) (denying request to increase injunction bond when movant offered only speculative economic damages rather than a rational basis for the damages caused by a wrongful issuance of an injunction).  Even now, Comcast's only "evidence" is a declaration saying that

---

[3] Indeed, at the preliminary injunction hearing on March 22, 2011, Comcast's counsel argued that the only basis for issuance of a bond was the cost to maintain a communications link with LSSi. (Doc. No. 17, March 22, 2011 Preliminary Injunction Transcript at 28:4-8.)  Importantly, Comcast did not present any evidence of that one alleged cost.

[4] Moreover, this Court has already recognized that the bond "isn't a payment to you [Comcast] for continued service."  (Doc. No. 17, March 22, 2011 Preliminary Injunction Transcript at 27:23).

Comcast has submitted invoices which have not been paid, not that the invoices are accurate, nondiscriminatory, or cost-based, or that Comcast has suffered or will suffer any harm if they are not paid.[5]  The reason for these omissions is likely that Comcast is incurring no cost to provide to LSSi what it already provides at no charge to Targus and formerly provided at no charge to LSSi.[6]  Comcast knows full well it is not being harmed and cannot lawfully recover $2 million; it simply wants to create an issue that LSSi must defend as a distraction from Comcast's own contempt of the Court's Order.

Therefore, LSSi respectfully requests that the Court deny Comcast's Motion; that Comcast be admonished for bringing a frivolous Motion; and that Comcast's contempt should be sanctioned as requested in LSSi's Motion For Contempt.

---

[5] Indeed in *Commonwealth of Puerto Rico v. Price Comm'n*, 342 F.Supp. 1308 (Dist. P.R. 1972), the court rejected a motion to increase bond in part because the only support was a self-serving affidavit.

[6] This is the crucial distinction between the cases that Comcast cites in which the movants provided evidence of actual damages suffered through the issuance of an injunction, *see H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 11-CV-00742, 2011 U.S. Dist. LEXIS 129724 (E.D. Wis. Nov. 7, 2011) (increasing security bond to cover actual lost value of goods but not speculative profits); *Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.,* C-90-1440-FMS, C-90-1586-FMS, 1991 U.S. Dist LEXIS 4716 (N.D. Cal Mar. 27, 1991) (increasing security bond to cover projected lost sales resulting from injunction), and the situation here, where Comcast has made no showing of a reasonable estimate of its potential damages resulting from the injunction.

20008394v4

Respectfully submitted this 12th day of July, 2012.

TROUTMAN SANDERS LLP

*/s/ Claiborne B. Smith*
Robert P. Williams II
Georgia Bar No. 765413
Bradley M. Davis
Georgia Bar No. 141505
Claiborne B. Smith
Georgia Bar No. 463202

5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Phone:     (404) 885-3000
Fax:          (404) 962-6721

Attorneys for Plaintiff LSSi Data Corp.

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), the undersigned counsel hereby certifies that the

foregoing brief complies with the font and point selections approved by the Court in

LR 5.1(B) and (C).  The foregoing pleading was prepared using the Times New

Roman font (14 point).

*/s/ Claiborne B. Smith*
Georgia Bar No. 463202

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LSSI DATA CORP., | |
| Plaintiff, | Civil Action File No. |
| v. | 1:11-cv-1246-CAP |
| COMCAST PHONE, LLC, | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 12th day of July, 2012, a copy of the foregoing ***LSSi's Response in Opposition to Comcast's Motion to Increase Bond*** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to opposing counsel as follows:

Robert G. Scott, Jr.
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW,
Suite 800
Washington, D.C. 20006-3401
bobscott@dwt.com

Samuel S. Woodhouse
The Woodhouse Law Firm
260 Peachtree Street, NW
Suite 1402
Atlanta, GA 30303-1237
swoodhouse@woodhouselawfirm.com

*/s/ Claiborne B. Smith*
Georgia Bar No. 463202

20008394v4